IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL LOVE,

    Plaintiff,

v.                                              No. 04-2769

SHELBY COUNTY, TENNESSEE,

    Defendant.

_____

ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE AN
INTERLOCUTORY APPEAL
_____

The Plaintiff, Michael Love, brought the instant employment discrimination action against the Defendant, Shelby County, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Before the Court is the Plaintiff's motion for permission to file an interlocutory appeal from this Court's Orders 1) granting the Defendant's motion in limine to exclude evidence of a jury verdict against Shelby County in a related case brought by Love; 2) denying the Plaintiff's motion in limine to bar the Defendant from asserting an affirmative defense not pled in the Answer to the Complaint; and 3) granting the Defendant's oral motion to prevent the Plaintiff from introducing two incidents of disciplinary action that were not charged in the Complaint or listed in the Equal Employment Opportunity Commission ("EEOC") Charge. (Doc. No. 65.) The Defendant has responded and this motion is ripe for disposition. For the following reasons, the Plaintiff's motion is hereby DENIED.

BACKGROUND

The Plaintiff is a deputy jailer who has been employed by the Shelby County Sheriff's Department since 1994. (Joint Pre-Trial Order, Doc. No. 51, at 2.) In June 2001, he filed an internal

complaint against his employer, alleging that Sergeant Shari Nichols sexually harassed him. (Id.) He subsequently filed an EEOC charge based on the same allegations. (Id.) Approximately a year later, the Plaintiff filed a federal lawsuit against Shelby County, claiming that he was sexually harassed by Nichols in violation of Title VII. (Id. at 5.) In May 2004, the jury found in favor of the Plaintiff and awarded him over $300,000. (Love v. Shelby Co. Sheriff's Department, et al., No. 02-2478, Doc. No. 42.) On August 10, 2007, the Sixth Circuit affirmed the district court's denial of the Defendant's motion for judgment as a matter of law and its motion for a new trial. (Love v. Shelby Co. Sheriff's Department, et al., No. 02-2478, Doc. No. 63.)

In June 2003, Love filed a second EEOC charge, this time alleging that he was being harassed and retaliated against by his employer in the wake of his allegations of sexual harassment. (Joint Pre-Trial Order, Doc. No. 51, at 3.) On September 24, 2004, the Plaintiff filed the instant civil action based on these allegations. (See Complaint, Doc. No. 1.) Before trial was scheduled to begin on March 6, 2006, the Defendant filed a motion in limine requesting that the Court exclude evidence of the jury's verdict in favor of the Plaintiff in Love v. Shelby Co. Sheriff's Department, et al., No. 02-2478, on the basis that it was too prejudicial. (Doc. No. 49.) The Court granted this motion at the pre-trial conference. (See Transcript of Pre-Trial Conference, Doc. No. 58.) On the day the trial was to begin, the Plaintiff filed a motion in limine arguing that the Defendant should be prevented from asserting that it had a legitimate, non-discriminatory reason for any adverse employment action it took against the Plaintiff, because it failed to raise this as an affirmative defense in its Answer to the Complaint. (Doc. No. 53.) The Court denied this motion. (See Transcript of Proceedings held on 3/3/06, Doc. No. 57.) That same morning, the Court granted the Defendant's oral motion to exclude two instances of alleged retaliation against Love on the basis that they were not included

in the EEOC Charge or the Complaint. (Id. at 7, 25-26.) The Plaintiff subsequently filed a motion for permission to file an interlocutory appeal. (Doc. No. 65.)

## ANALYSIS

28 U.S.C. § 1292(b) provides that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

A question of law is controlling if it could materially affect the outcome of the case. Winnett v. Caterpillar, Inc., No. 3:06-cv-00235, 2007 WL 2123905, at *4 (M.D. Tenn. July 20, 2007) (quotation omitted). A substantial ground for a difference of opinion exists when "'(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue.'" Id. (quoting Gaylord Entm't Co. v. Gilmore Entm't Group, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001)). An interlocutory appeal materially advances the ultimate termination of the litigation when it "'save[s] judicial resources and litigant expense.'" Id. at 6 (quoting W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000)).

Interlocutory appeals "are an exception to the general policy against piecemeal appellate review." Iron Workers Local Union No. 17 Ins. Fund. v Phillip Morris Inc., 29 F. Supp. 2d 825, 831 (N.D. Ohio 1998). They are more appropriate early in the proceedings, particularly in protracted and expensive cases, "'where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties.'" Winnett, 2007 WL 2123905, at *3

(quoting In re James River Coal Co., No. 305-00294A, 2006 WL 3761965, at *3 (M.D. Tenn. December 20, 2006)).

A.  THE COURT'S DECISION TO EXCLUDE EVIDENCE OF THE JURY'S VERDICT

The Sixth Circuit has held that "[a]n allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b)." In re City of Memphis, 292 F.3d 345, 351 (6th Cir. 2002) (citation omitted). In that case, the defendant, the City of Memphis, appealed the district court's exclusion of a study that it contended would demonstrate that the City had a compelling need for awarding construction contracts based on racial preferences. Id. at 347. The court reasoned that rulings on the admissibility of evidence are reviewed for abuse of discretion and that legal questions of the type envisioned in § 1292(b) do not include matters that are within the discretion of district courts. Id. at 351 (citations omitted); see also United States v. Cook, 454 F.3d 938, 939 (8th Cir. 2006) (noting that interlocutory appeals of pre-trial evidentiary rulings are rare).

In this case, the Plaintiff seeks permission to file an interlocutory appeal challenging the Court's exclusion of evidence of the jury's verdict in favor of the Plaintiff in a related case on the basis that it would be too prejudicial to the Defendant. (Doc. No. 62 at 3-5.)[1] Because this was an evidentiary ruling that was within the Court's discretion, it is not an appropriate issue for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

[1] The Court did not exclude evidence of the fact that the Plaintiff filed suit against the Defendant, which Shelby County admits is a protected activity. (Doc. No. 58 at 12-13.) It simply made a preliminary ruling that the Plaintiff could establish the elements of his retaliation claim without evidence of the jury's verdict, a fact that would be highly prejudicial to the Defendant. (Id. at 3-4.) Nonetheless, the Court conceded that it might be necessary for the jury to learn about the verdict, depending on the testimony of the witnesses. (Id. at 19.)

B.  THE COURT'S DECISION TO PERMIT DEFENDANT TO ARGUE THAT IT HAD A LEGITIMATE, NON-DISCRIMINATORY REASON FOR ANY ADVERSE EMPLOYMENT ACTION

The Court's decision to permit the Defendant to present a legitimate, non-discriminatory reason for any adverse employment action against the Plaintiff is a controlling question of law, because articulating such a reason would allow the Defendant to rebut the Plaintiff's prima facie evidence of harassment and retaliation. Furthermore, the issue of whether a legitimate, non-discriminatory reason is an affirmative defense to a Title VII complaint, which must be specifically pled in the Answer, appears to be an issue of first impression in this Circuit. However, the Fourth and Eleventh Circuits have held in similar cases that a defendant's failure to list legitimate, non-discriminatory reasons in the answer to the complaint did not preclude the defendant from presenting those reasons. See Steger v. Gen. Elec. Co., 318 F.3d 1066, 1077 (11th Cir. 2003) (holding that an employer could submit evidence of a legitimate, non-discriminatory reason as a defense to a plaintiff's Equal Pay Act ("EPA") claim, even though that defense had not been raised in its answer, because it was raised and discussed at length at the pre-trial conference); Ferguson v. Guyan Mach. Co., No. 93-2593, 46 F.3d 1123, at *5 (4th Cir. Jan. 20, 1995) (unpublished) (holding that an employer could submit evidence of one legitimate, non-discriminatory reason as a defense to a state law claim of age discrimination, when it had raised another legitimate, non-discriminatory reason in its answer); see also Wells v. Colo. Dep't of Transp., 325 F.3d 1205, 1224 (10th Cir. 2003) (Hartz, J., writing separately) (discussing the *McDonnell Douglas* burden-shifting framework in the context of a Title VII case and concluding that because the employer only bears a burden of production, not of persuasion, in establishing a legitimate, non-discriminatory reason for its adverse employment action against the plaintiff, proving such a reason is not an affirmative defense); Merrill v. Cintas Corp., 941 F. Supp. 1040, 1044 (D. Kan. 1996) (denying a plaintiff's motion for summary

judgment on an EPA claim, where the defendant neglected to assert its legitimate, non-discriminatory reason for the unequal pay the plaintiff received in its answer, because the pre-trial order gave the plaintiff notice of the defense); Fisher v. Asheville-Buncombe Technical Comty. Coll., 857 F. Supp. 465, 470 (W.D.N.C. 1993) (holding in a case involving an age discrimination claim where an employee's contract was not renewed that the defendant need "only deny discrimination in the answer and, as here, may articulate their legitimate, non-discriminatory reason later in the proceeding," because cause for non-renewal is not an affirmative defense).

As in Steger and Merrill, the Plaintiff received notice of the Defendant's intent to argue that it had a legitimate, non-discriminatory reason for any adverse employment action taken against Love in the joint pre-trial order and at the pre-trial conference. (See Joint Pre-Trial Order, Doc. No. 51, at 6-8; Transcript of Pre-Trial Conference, Doc. No. 58, at 13-15.)  In addition, although the Defendant did not list its allegedly legitimate and non-discriminatory reason as an affirmative defense in its Answer to the Complaint, it did state that "all decisions and actions in regards to Plaintiff were consistent with other employees, and were based in sound business principles and practices, and were legal and lawful." (Def.'s Answer, Doc. No. 6, ¶ 16.)  Thus, under the liberal pleading standards of Rules 8(c) and (f) of the Federal Rules of Civil Procedure, the Court finds that the Plaintiff had adequate notice that the Defendant intended to present a legitimate, non-discriminatory reason for any adverse employment action it took against Love. The Court further finds that, in light of the authority discussed above, substantial ground for a difference of opinion does not exist on this issue.

Lastly, it does not appear to the Court that permitting the Plaintiff to file an interlocutory appeal would materially advance the ultimate termination of the litigation. The determination that

the Plaintiff would like to appeal was not made by the Court early in the proceedings. Rather, Plaintiff made this motion on the day the case was supposed to go to trial, after discovery had been completed. Because postponing this case any further would unlikely save judicial resources, nor litigant expense, the Court holds that under the standards set forth by 28 U.S.C. § 1292(b), the trial, which was estimated by the Plaintiff to take only three days, should go forward and the Plaintiff should raise this issue on appeal after a final judgment has been entered.

C.     THE COURT'S DECISION TO EXCLUDE EVIDENCE OF DISCIPLINARY ACTION
       TAKEN AGAINST THE PLAINTIFF

In his motion for permission to file an interlocutory appeal, the Plaintiff argues that the Court incorrectly decided the issue of whether two acts of discipline that were not charged in the Complaint or listed in the EEOC Charge should be excluded from evidence, but does not assert that the ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (See Doc. No. 62 at 8-14.) The Plaintiff also filed a supplemental memorandum of law in support of its motion for permission to file an interlocutory appeal, which similarly does not address these requirements, but merely provides more authority for the Plaintiff's contention that this Court's decision was in error. (Doc. No. 69.) However, the Plaintiff did not file a motion for reconsideration, but a motion for permission to file an interlocutory appeal. While the Plaintiff may take issue with the Court's application of the law to the facts of this case, this does not transform the Court's ruling into one warranting an interlocutory appeal. By failing to address the statutory requirements spelled out in 28 U.S.C. § 1292(b), the Plaintiff seems to concede as much.

7

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for permission to file an interlocutory appeal is hereby DENIED.

**IT IS SO ORDERED** this 18th day of October, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE